UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROYAL & SUN ALLIANCE INSURANCE, PLC,

   Plaintiff,

    - against -

E-CARGO INTERNATIONAL GROUP CORP. and
TRANSTAR TRUCKING, INC.,

   Defendants.
_____/

## COMPLAINT

Plaintiff, Royal & Sun Alliance Insurance, PLC (hereinafter "Royal & Sun" or "Plaintiff") for its Complaint, alleges on information and belief as follows:

1. All and singular the following premises are true and constitute claims arising under the Court's federal question jurisdiction (28 U.S.C. §1331, 49 U.S.C. §14706 and/or federal common law) and/or maritime jurisdiction under 28 U.S.C. §1333 and/or supplemental jurisdiction (28 U.S.C. §1367).

2. At all times material hereto, Plaintiff Royal & Sun was · and is a corporation organized and existing under the laws of the United Kingdom, with its principal office and place of business in the United Kingdom, and insured Ingram Micro Peru S.A. ("Ingram Micro"), the owner of the shipment which is the subject matter of this action.

3. Defendant E-Cargo International Group Corp. (hereinafter "E-Cargo" or "Defendant") is a business entity organized and existing under and by virtue of the laws of the State of Florida with its principal office in Miami, Florida, was and now is engaged in business as carrier of goods for hire, forwarder, broker and/or otherwise involved in the transportation of

1

goods, and operates and runs routes in this District, and does business in the State of Florida.

4. Defendant Transtar Trucking Inc. (hereinafter "Transtar Trucking" or "Defendant") is a business entity organized and existing under and by virtue of the laws of the State of Florida with its principal office in Miami, Florida, was and now is engaged in business as a carrier of goods for hire, and operates and runs routes in this District, and does business in the State of Florida.

5. Venue is proper here within the meaning of 28 U.S.C. § 1391 (c) and/or 49 U.S.C. § 14706(d) because E-Cargo and Transtar Trucking are the receiving carriers and run routes through the area comprising the Southern District of Florida and otherwise do business in the State of Florida. The Shipment at issue was transported in this District, and the loss likely occurred in this District.

6. On or about February 1, 2009, E-Cargo and Ingram Micro entered into a Freight Forwarding Agreement for the transportation of Ingram Micro products (the "Agreement").

7. The Agreement provided, inter alia,

    a. That E-Cargo was to carry Ingram Micro products by road within the U.S., and by air and/or sea between the U.S. and Peru.

    b. That E-Cargo was responsible for the care, custody and control of Ingram Micro cargo from the point of origin until delivery at destination, and was responsible for acts of its agents or subcontractors;

    c. That E-Cargo was liable for loss or damage to Ingram Micro products occurring while in the care, custody and control of E-Cargo or its agents or subcontractors.

   d. That a material obligation of E-Cargo was to meet certain minimum security guidelines and to ensure implementation and compliance with such guidelines at all times by E-Cargo and its subcontractors; and that any failure to comply with same was a material breach of the Agreement;

   e. Such requirements included, without limitation, avoiding high risk routes, not subcontracting to Ingram Micro disapproved subcontractors, adhering to scheduled delivery commitments, ensuring trailers are dropped only in a secure yard, controlling access to Ingram Micro cargo only to authorized E-Cargo employees, that drivers must notify their dispatcher anytime they are stopping and provide location of stop and reason for stopping; having a process in place to ensure unauthorized parties are not allowed in the tractor; that drivers shall only use stops recommended by their company as being secure; that all loaded trailers are prohibited from being dropped anywhere other than secure yards that meet Ingram Micro drop yard security requirements, and other requirements;

   f. That any loss resulting from E-Cargo or its subcontractors' breach of security results in their liability for full replacement value of the Shipment;

Such provisions were in effect at the time of the Shipment in question.

  8. Prior to April 30, 2015, there was delivered into the custody of E-Cargo and then stored by E-Cargo at its Miami Florida facility, a consignment of Computer equipment, parts and accessories, and Communication equipment, parts and accessories, then being in good order and

condition, as further described in a Delivery Order CCN15JAXXA1918 dated April 30, 2015 (the "Shipment").

9. In consideration of certain agreed charges thereupon paid or agreed to be paid, E-Cargo agreed to safely store the Shipment and transport the Shipment by truck to Port Everglades, Florida and then by ocean vessel to Callao, Peru and there deliver same in like good order and condition to Ingram Micro and/or its customer.

10. On or about April 30, 2015, the Shipment was delivered by E-Cargo into the custody of E-Cargo's subcontractor Transtar Trucking in good order and condition in Miami, Florida. In consideration of certain charges paid or agreed to be paid, Transtar agreed to transport the Shipment to Port Everglades, Florida and deliver the Shipment to E-Cargo's sub-contractor Hamburg Sud. The Transtar truck arrived at the Hamburg Sud terminaly approximately two hours after leaving the E-Cargo facility; a trip which typically takes 45 minutes. The arrival weight of the Shipment at the Hamburg Sud terminal was 4,869 kilograms, substantially less than the Delivery Order weight of 8,429 kilograms.

11. The Defendants did not make delivery of the Shipment in like good order and condition as when shipped, delivered to and received by them, but on the contrary, a portion of the Shipment was stolen en route, all in violation of Defendants' obligations and duties as carriers and/or forwarders of merchandise for hire and/or otherwise failing to perform their services in the agreed careful, workmanlike manner, and/or otherwise in violation of their duties and obligation under the Agreement, and such conduct resulted in the loss of the Shipment.

12. The Defendants breached their contractual and/or other legal obligations owed to Plaintiff and its assured, and such breach was the direct and proximate cause of the theft and total loss of said Shipment. The Defendants further breached and materially deviated from their

contractual obligations under the Agreement, including, without limitation, by failing to avoid high risk routes, failing to adhere to scheduled delivery commitments, failing to ensure that the trailers are dropped only in a secure yard, failing to control access to Ingram Micro cargo only to authorized E-Cargo employees, failing to notify their dispatcher of stops, failure to have a process in place to ensure unauthorized parties are not allowed in the tractor and/or by failure to stop only in secure locations, and such other breaches as shall be revealed in discovery.

13.     The Defendants at all material times knew and/or had reason to know, without limitation, the following facts:

   a.   That Ingram Micro computer equipment and communication equipment are small, highly portable articles, which are of high value;

   b.   That such cargo is a favorite target of thieves;

   c.   That shipments of these parts warrant or require extra-ordinary security measures to avoid of prevent loss by theft; and

   d.   That the Shipment of these parts was an especially likely target, and was especially susceptible to theft.

14.     Defendants also knew and/or had reason to know that Plaintiff and its assured could not provide any security services against loss of such shipments by theft once it had entrusted a shipment to Defendants. Defendants knew and/or had reasons to know that Plaintiff and its assured would and did rely and depend entirely on them to provide security services to protect such goods and prevent or protect against theft.

15.     Despite Defendants' knowledge set forth above, Defendants failed to exercise due care in rendering services including security services, and acted negligently, and/or grossly negligent, willfully, wantonly and/or recklessly in rendering services, including, without

limitation, as hereinabove alleged, and such conduct proximately caused the loss of the entire said Shipment by theft.

16. Defendants' conduct constituted an utter indifference or conscious disregard of the safety of the Shipment.

17. The missing portion of the Shipment had a replacement value of at least $297,166.58. Plaintiff insured the Shipment and paid $297,166.58 (less $50,000 deductible) under its policy of insurance to Ingram Micro and has incurred substantial losses as a result of the loss of Shipment, and seeks recovery of the damage it suffered. Plaintiff brings this action on its own behalf as agent, trustee, assignee and/or subrogee, on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the said Shipment (including for Ingram Micro's deductible) as their respective interests may ultimately appear.

18. Plaintiff has performed all conditions on their parts to be performed.

19. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $300,000.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT AND/OR
### DUTIES UNDER THE CARMACK AMENDMENT

20. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 19 above and all of the allegations below.

21. By reason of the foregoing, each of the Defendants was a carrier and/or forwarder of merchandise and/or a freight forwarder within the meaning the Carmack Amendment, 49

U.S.C. § 14706, and materially deviated from and breached the duties as such under that law and/or under the contract of carriage and/or other applicable contracts or law.

22.     By reason of the foregoing, Defendants have caused damage to Plaintiff, as nearly as can now be estimated, up to or exceeding US $300,000.

## SECOND CAUSE OF ACTION
## BREACH OF BAILMENT OBLIGATIONS

23.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 22 above all of the allegations below.

24.     Each of the Defendants was acting as bailees of the Shipment at all relevant times. Each of the Defendants thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the Shipment in the same condition as when entrusted to them and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Each of the Defendants breached those bailment obligations and negligently failed to deliver the Shipment to Ingram Micro's designees.

25.     By reason of the foregoing, Defendants have caused damage to Plaintiff, in an amount, as nearly as can now be estimated, up to or exceeding US $300,000.

## THIRD CAUSE OF ACTION
## TORT DAMAGE TO PROPERTY/NEGLIGENCE/
## GROSS NEGLIGENCE AND/OR RECKLESS AND/OR WILLFUL MISCONDUCT

26.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 25 above.

27. Each of the Defendants directly or through their employees, agents or independent contractors, willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise

under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as reasonably required and would be sufficient to care for and prevent damage to the Shipment.

28. The Shipment suffered loss as alleged herein, as a proximate result of Defendants' said willful, reckless and/or grossly negligent conduct.

29. By reason of the foregoing, Defendants have caused damage to Plaintiff, in an amount, as nearly as can now be estimated, up to or exceeding US $300,000 above.

## FOURTH CAUSE OF ACTION
## ALTERNATIVE BREACH OF CONTRACT

30. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 29.

31. By reason of the foregoing, outside of the Carmack Amendment, Defendants breached and materially deviated from their duties under the implied or written contract of forwarding, brokering, carriage and/or transportation or arranging transportation and/or safely and carefully store, carry and deliver the Shipment.

32. By reason of the foregoing, Defendants have caused damage to Plaintiff, in an amount of up to or exceeding $300,000.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendants, citing then to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:  Miami, Florida
        January 25, 2016

HORR NOVAK & SKIPP P.A.

By:   Brian T. Scarry
Brian T. Scarry, Esq.
Florida Bar No.: 914230
Two Datran Center, Suite 1700
9130 S. Dadeland Blvd.
Miami, Florida 33156
Tel: (305) 670-2525
Fax: (305) 670-2526
Email: bscarry@admiral-law.com
Attorneys for Plaintiff